**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20399-CR-GAYLES**

**UNITED STATES OF AMERICA,**

 **Plaintiff,**

v.

**EFRAIN BETANCOURT, JR.,**

 **Defendant.**

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

 This Court should deny the Defendant's motion for downward variance (DE 48) for several reasons. First, he is a recidivist fraudster who destroyed the lives of hundreds of victims in this case and victims in his prior fraud scheme involving theft in a currency exchange ploy. Here, in this securities fraud case involving over 600 victims and a $66 million intended loss ($40 million actual loss), Betancourt led a *Ponzi* scheme that he ran from 2015 to 2020. He stole many victims' retirement money to fund his lavish lifestyle which included a multimillion-dollar French Riviera wedding to his wife and co-conspirator, Leidy Badillo. He personally stole over $6.5 million for his personal use and personally caused at least $8,300,00 in losses.

 Next, this huckster's claims that initially had "good intentions" in his fraud scheme that later became unraveled is nonsense. In truth, shortly after Betancourt began raising money for his company he began executing his massive *Ponzi* scheme. The *Ponzi* began about a month after the company started raising money. That is, the payday loan business was a non-starter. The company could not and did not generate nearly enough money to pay investors with legitimate revenue. So, the prior debt (investor debt) was paid with new investor promissory note money. In other words, the claimed "legitimate business" was a necessary element to the facade used to trick unsuspecting victims into "investing" into his mouse trap of a fraud scheme. He essentially admitted to this in his factual proffer: "To further his

fraud scheme and create the illusion of success, BETANCOURT also paid prior investors 'promissory note payments' with new investors' money. For the majority of times, there was no source of funds, other than new investor money." (DE 41).

Finally, as for the other Section 3553(a) grounds for a sentencing variance, such as allegations of philanthropy, deity finding, and preaching, those claims have zero merit. These claims of giving and god are unexceptional and have no bearing when it comes to addressing the core factors of Section 3553(a) which are punishment and deterrence (general and specific). His claimed good deeds do not merit a reduction, even if they are taken as true. These claims of remediation do nothing to reduce the trail of tears, agony, destitution, and substantial victim devastation that his calculated misconduct caused. The sheer volume of lives destroyed by this man, the leader/organizer of this massive fraud scheme, should dissuade this Court from reducing this Defendant's term of imprisonment from the bottom end, which is seventy-eight months' prison. His variance motion has zero merit and should be denied.

Respectfully submitted,

JASON A. REDING QUINONES
UNITED STATES ATTORNEY

By:  */s/ Roger Cruz*
Roger Cruz
Assistant United States Attorney
Florida Bar No. 1008370
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9207
Email: Roger.Cruz@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:  */s/ Roger Cruz*
Roger Cruz